UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6036-CR-FERGUSON

MAGISTRATE JUDGE SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : |
| TRACY-ANN N. WALTERS, | : |
| Defendant. | : |
| _____/ | |

# SENTENCING MEMORANDUM

Tracy-Ann Nicola Walters ("Walters"), through counsel, respectfully submits the following memorandum of law in support of her objection to the Presentence Investigation Report prepared in this case. The defendant hereby proffers her "post-arrest" statement, as stated in paragraphs 7 and 8 of her PSI, as her testimony in support of the reductions requested.

## MITIGATING ROLE

The defendant respectfully requests an adjustment to the base offense level for her mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 provides as follows:

Based on the defendant's role in the offense, decrease the offense level as follows:

    (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.



>(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
>In cases falling between (a) and (b), decrease by 3 levels.

The defendant requests that the Court reduce the offense level by four levels because she was a minimal participant in the subject offense. Alternatively, the defendant requests that the Court reduce the offense level by two or three levels because she was a minor participant in the offense.

Significantly, other people participated in the subject offense. The Sentencing Guidelines define "participants" in an offense as a more expansive group than individuals caught and charged by the federal authorities:

>A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant.

U.S.S.G. § 3B1.1, comment (n.1). *See also United States v. Bierley*, 922 F.2d 1061, 1065 (3rd Cir. 1990) ("the fact there is only one 'defendant' does not necessarily mean that there was only one 'participant' for purposes of 3B1.1"). In essence, the Guidelines require the trial court to consider all the criminally culpable participants in the criminal scheme, even those who were not caught. As the Eleventh Circuit has stressed, a trial court must look to all the *relevant conduct* of the necessary participants in the underlying scheme, not simply the elements in the indictment. *United States v. Costales*, 5 F.3d 480, 484 (11th Cir. 1993) (emphasis added). The Guidelines specifically direct courts to make individual determinations in each case, and the trial court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. *See* U.S.S.G. Ch. 3, Part B, Introductory Commentary; U.S.S.G. § 1B1.3.

The defendant was a minimal participant in the offense. Importantly, she lacks knowledge or understanding of the scope and structure of the enterprise and of the activities of others. The Guidelines provide that this lack of knowledge or understanding is indicative of her role as a minimal participant. U.S.S.G. § 3B1.2, Application Note 1. Further, the Guidelines expressly provide that the minimal role adjustment would be appropriate "where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, Application Note 3. As the defendant was recruited as a courier for a smuggling transaction involving a single transaction, she was a minimal participant and should receive a four level downward adjustment.

Alternatively, the defendant was a minor participant and should receive a two or three level downward adjustment. Application Note 3 of § 3B1.2 provides that a ". . . minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. The key to the inquiry is relative culpability: was the defendant less culpable than most other participants? The Court must consider the culpability of all persons involved in the offense, including the person who recruited and provided the cocaine for transport, the source of the drugs, and the destination of the drugs. There were several participants in this offense and most, if not all, of them were more culpable than the defendant. Based on a comparison of the defendant's culpability to that of other participants, she was less culpable than most other participants in the offense. Consequently, at a minimum, a two level reduction under § 3B1.2 is warranted. *Cf. United States v. Valise*, 83 F.3d 380, 381-82 (11th Cir. 1996) (noting that "the act of transporting illegal drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on his role in the offense.").

3

The fundamental holding of *Valise* was reiterated in *United States v. De Varona*, 175 F.3d 930 (11th Cir. 1999)(*en banc*). "Simply put," the Court explained, "the drug courier may or may not qualify for a minor role reduction." *Id.* at 942. The decision rests with the discretion of the sentencing court, and the appellate court will accord "deference to the district court's discretion in this uniquely fact-intensive inquiry." *Id.* at 940. Accordingly, a sentencing court's determination will be disturbed on appeal only where there is clear error. *Id.* at 938.

For the above reasons, Tracy-Ann Nicola Walters hereby requests a four level downward departure from her offense level for her minimal role in the offense.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Samuel J. Smargon
Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 26 day of April, 2000 to Debra Stuart, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Frank E. Smith, United States Probation Office, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301

Samuel J. Smargon

S:\SMARGON\Walters\Sentencing.01